JOHN LADRICK, Respondent, *v.* THE VILLAGE OF GREEN ISLAND, Appellant.

*Negligence — injury from falling on a plank sidewalk in a village from which a plank had been missing for from two to three months — when the case is one for the jury — amendment of the complaint as to the date, to make it conform to the evidence and to the notice to the village.*

In an action brought against a village to recover damages for personal injuries, the plaintiff gave evidence tending to show that, by reason of the absence of one of the planks from a plank sidewalk in the defendant village, there was left a space eight inches wide and three and a half inches deep extending across

the entire breadth of the walk; that this condition had existed from two to three months; that while the plaintiff was walking steadily and carefully along the sidewalk at ten o'clock upon a dark night he fell into the hole, of the existence of which he had no knowledge, and sustained the injuries for which he sought to recover.

*Held,* that the questions of the defendant's negligence and of the plaintiff's freedom from contributory negligence were properly submitted to the jury, and that a judgment entered upon a verdict in favor of the plaintiff should be affirmed;

That, it appearing upon the trial that the accident occurred on the sixteenth of the month, as alleged in the notice of claim served upon the defendant, and not upon the seventeenth day of the month, as alleged in the complaint, the court had power in its discretion, the defendant having made no claim of surprise, to allow the complaint to be amended so as to conform to the proof.

APPEAL by the defendant, The Village of Green Island, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Albany on the 21st day of January, 1904, upon the verdict of a jury for $300, and also from an order entered in said clerk's office on the 21st day of January, 1904, denying the defendant's motion for a new trial made upon the minutes.

*Frank H. Deal,* for the appellant.

*John Scanlon,* for the respondent.

SMITH, J. :

Plaintiff has recovered a verdict for $300 against the defendant as damages for injuries sustained in a fall upon a sidewalk in the defendant village upon the 16th day of June, 1903. The sidewalk was shown to have been defective by reason of the absence of one plank from a plank sidewalk, making a hole or depression across the sidewalk the length of the plank and of about eight inches in width and about three and one-half inches in depth. The plaintiff was passing the same about ten o'clock upon the night of the sixteenth of June, caught his foot in the hole, sprained his ankle and wrenched himself, thereby receiving the injuries for which judgment has been obtained. The judgment is challenged as being against the weight of evidence, both as to the proof of absence of contributory negligence and as to the proof of defendant's negligence. Upon the first question the plaintiff swears that he was walking steadily and

carefully without knowledge of the fact that this hole existed.   The night was dark ; he did not see it and fell.   This evidence is sufficient to make a question of fact for the jury, whether he exercised the care of a reasonably prudent man, and upon that question of fact the finding of the jury has been for the plaintiff.   As to the defendant's negligence we think the case was also properly submitted to the jury.   The photograph produced in evidence shows the nature of this hole than which one could scarcely be more liable to cause a fall.   It is hard to find authority exactly in point with facts parallel with the facts in the case at bar.   There are cases where recovery has been denied where a hole or depression has been worn in the street to a depth greater even than was this hole.   But the approach to the hole was a gradual wearing away of the stone so that the situation would not present to the authorities of the city any reasonable notice that it might be the cause of an accident. This was the situation in *Hamilton* v. *City of Buffalo* (173 N. Y. 72).   Where, however, from a smooth plank walk one plank is removed, causing a depression three and one-half inches, leaving a space eight inches wide extending across the entire breadth of the walk, it cannot be said as matter of law that the situation is not such as to warn the municipality that danger is to be apprehended therefrom.   We do not here hold that the absence of a board from a board sidewalk is always sufficient to require the court to present the question of plaintiff's damages to the jury.   The space may be so filled up as to present no practical obstruction to travel. While there was some evidence of such a situation in the case at bar, from the photograph which was presented as well as from other evidence offered by the plaintiff, it was clearly the province of the jury to say whether the hole in this walk was negligently allowed to remain there.

It is true there was shown no direct notice of this defect, but from the evidence it appears to have existed from two to three months, which is more than is necessary to authorize the jury to say that those in charge of the streets of the municipality should have observed the defect.

In the notice of claim served upon the village it was stated that the accident occurred and the injury was received on the sixteenth of June.   In the complaint the seventeenth day of June was named as

the day upon which the accident occurred. The proof showed that it occurred upon the sixteenth, and upon application the plaintiff was allowed to amend his complaint to conform to the proof. The defendant made no claim of surprise and the allowance of such amendment was clearly within the discretionary power of the court.

The order and judgment should, therefore, be affirmed, with costs.

Judgment and order unanimously affirmed, with costs.